Filed 6/3/16  P. v. Hoong CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TONY CONG HOONG,<br><br>        Defendant and Appellant. | C080953<br><br>(Super. Ct. No. 03F08566) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In June 2005, defendant Tony Cong Hoong was convicted of first degree murder (count 1; Pen. Code, § 187, subd. (a))[1] with enhancements for the personal and intentional discharge of a firearm, proximately causing great bodily injury or death, and for committing the offense for the benefit of a criminal street gang (§§ 12022.53,

---

[1]    Undesignated statutory references are to the Penal Code.

1

subds. (d), (e)(1), 186.22, subd. (b)(1), (5)).[2] The trial court sentenced him to a state prison term of 25 years to life with the possibility of parole on count 1 plus 25 years to life for the enhancements, with 658 actual days of presentence custody credit. The court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) and a suspended parole revocation restitution fine in the same amount (§ 1202.45). The court ordered a $5,000 restitution fine (§ 1202.4) to the Victims of Violent Crime Program and a payment of $146.11 in victim restitution (§ 1202.4, subd. (f)). The court also ordered a $20 court security fee (§ 1465.8, subd. (a)(1)), a $178.96 main jail booking fee (Gov. Code, § 29550.2), and a $29.95 main jail classification fee (Gov. Code, § 29550.2).

This court affirmed defendant's murder conviction but vacated the enhancements. We remanded the matter with directions to dismiss the firearm enhancement and to allow the People to reallege the gang enhancement, with the proviso that if the People did not file notice of intent to retry the gang enhancement within 30 days of the remittitur, the trial court was to dismiss that enhancement and prepare an amended abstract of judgment. The remittitur was issued on February 26, 2009. As of April 6, 2009, the People had not filed notice of intent to retry the gang enhancement. The trial court thereupon dismissed that enhancement and prepared an amended abstract of judgment showing a sentence of 25 years to life on count 1.

On August 19, 2015, defendant filed an "Ex-Parte Motion for Disposition of Fine(s) Pursuant to Penal Code Section 1205(a) and 2900.5" in Sacramento County Superior Court, requesting that all fines and fees imposed by the trial court at the time of his original sentence be converted to days of imprisonment at the setoff rate of $30 per day.

---

[2] The facts of defendant's offense are not in the record furnished to us on this appeal.

On October 9, 2015, the superior court filed an order dismissing defendant's motion for lack of jurisdiction. The court also found that the cited statutes had no application to defendant's case.

Defendant filed notice of appeal from the superior court's order dismissing his motion.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

      NICHOLSON     , Acting P. J.

We concur:

      BUTZ         , J.

      DUARTE     , J.